UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| KEVIN HYATTE, | ) | |
| --- | --- | --- |
| *Petitioner*, | ) | |
| v. | ) | No.: 1:18-cv-161 |
| UNITED STATES OF AMERICA, | ) | Judge Collier |
| *Respondent*. | ) | |

### **M E M O R A N D U M**

Before the Court is Petitioner Kevin Hyatte's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Because it plainly appears from the motion and record that Petitioner is not entitled to relief, the Court must dismiss the motion. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

On September 28, 2017, Petitioner pleaded guilty to conspiracy to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (Doc. 255 in Case No. 1:16-cr-124.) Petitioner was sentenced to a term of imprisonment of forty-one months. (Doc. 300 in Case No. 1:16-cr-124.)

Petitioner now seeks to have his sentence reduced pursuant to 28 U.S.C. § 2255, asserting an ineffective assistance of counsel claim based on his attorney's failure to petition the Court for application of the safety valve. (Doc. 1.)

A petitioner's sentence must be vacated and set aside if the Court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the

constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255(b). At this stage of the proceedings, the Court must consider whether it plainly appears from the motion and record that the petitioner is not entitled to relief. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Petitioner's motion raises only one ground for relief: ineffective assistance of counsel because of a failure to move for application of the safety valve. However, the safety-valve provision only applies to cases involving mandatory minimum sentences. *See* 18 U.S.C. § 3553(f); *see also United States v. Hutchins*, 334 F. App'x 748, 750 (6th Cir. 2009) (explaining that § 3553(f) "allows a district court to waive the statutory mandatory-minimum sentence if a defendant meets certain criteria"); *United States v. Lindberg*, 97 F.3d 1453, 1996 WL 549822, at *1 (6th Cir. 1996) (Table) (explaining that the safety-valve provision was not applicable because the defendant was not subject to a mandatory minimum sentence). Petitioner pleaded guilty to 21 U.S.C. §§ 841(a)(l), 841(b)(l)(C), and 846 (Doc. 255 in Case No. 1:16-cr-124), none of which carry a mandatory minimum sentence. *See* 21 U.S.C. § 841(a)(l) (making it unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance"); 21 U.S.C. § 841(b)(l)(C) ("In the case of a controlled substance in schedule I . . . such person shall be sentenced to a term of imprisonment of not more than 20 years"); 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."). Thus, Petitioner was not eligible for application of the safety-valve provision.

Because Petitioner was not eligible for safety-valve relief, he cannot show his attorney was ineffective for failure to seek application of the safety valve. As a result, it plainly appears from

the motion and record that Petitioner is not entitled to relief under § 2255, and his § 2255 motion (Doc. 1) will be **DENIED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should be granted. A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists could not conclude that Petitioner's claim deserves further review, as Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists would not debate the Court's finding that Petitioner is not entitled to relief under § 2255. Accordingly, a COA will not issue. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24.

**An appropriate order will issue.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**